IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| **SIMPLOT AB RETAIL SUB., INC.,** doing business as **SIMPLOT GROWER SOLUTIONS,** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 5:22-cv-94 |
| **JAKE & HELEN REDECOP,** a Mississippi general partnership, **JACOB ZACHIRIAS REDECOP,** and **HELENA WALL REDECOP** | § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

SIMPLOT AB RETAIL SUB., INC., doing business as SIMPLOT GROWER SOLUTIONS ("Plaintiff") files its Original Complaint complaining of JAKE & HELEN REDECOP, a Mississippi general partnership, JACOB ZACHIRIAS REDECOP, and HELENA WALL REDECOP, individually and as the general partners of JAKE & HELEN REDECOP (collectively herein referred to as "Defendants") and respectfully shows the Court as follows:

## I.
## PARTIES

1. Plaintiff is a Delaware corporation with its principal place of business in Boise, Ada County, Idaho. Plaintiff is the successor in interest to Pinnacle Agriculture Distribution, Inc. doing business as Sanders.

2. Defendant JAKE & HELEN REDECOP is a Mississippi general partnership, and may be served with process at its place of business or abode, by and through one of its general

partners, Jacob Zachirias Redecop or Helena Wall Redecop at the following address: 2819 Old Seagraves Rd, Seagraves, Terry County, Texas 79359 or wherever they may be found.

3. Defendant JACOB ZACHIRIAS REDECOP is a Texas citizen and may be served with process at his place of business or abode at the following address: 2819 Old Seagraves Rd, Seagraves, Terry County, Texas 79359, or wherever he may be found.

4. Defendant HELENA WALL REDECOP is a Texas citizen and may be served with process at her place of business or abode at the following address: 2819 Old Seagraves Rd, Seagraves, Terry County, Texas 79359, or wherever she may be found.

## II.
## JURISDICTION AND VENUE

5. Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

6. Plaintiff is a citizen of Delaware and Idaho. Plaintiff is a corporation incorporated under the laws of Delaware with its principal place of business in Idaho. Defendants are a citizens of Texas. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

7. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in this District.

## III.
## FACTS

8. Plaintiff seeks to recover a liquidated debt owed by Defendants in connection with the sale of agricultural products as set forth herein.

9. Plaintiff is an agriculture wholesaler dedicated to providing seed, chemicals, and fertilizer to its clients.

10. Defendants Jacob Zachirias Redecop and Helena Wall Redecop, each in their capacity as the general partners of Defendant Jake & Helen Redecop executed the certain Application / Master Note / Security Note with Plaintiff on or about March 7, 2019 (the "Note") (*see* Exhibit "A-1"), for the purchase of goods and services from Plaintiff. Defendants Jacob Zachirias Redecop and Helena Wall Redecop also executed the Note in their individual capacities and personally guaranteed the payment of any debt owed by Defendant Jake & Helen Redecop to Plaintiff pursuant to the Guaranty in the Note.

11. Defendant Jake & Helen Redecop, in the usual course of business and under the Note with Plaintiff, requested and received goods and services from Plaintiff and/or its predecessor, as represented in the attached invoices and bills of lading on an open account (the "Transaction") (*see* Exhibit "A-2").

12. Each good and service, reflected in the attached invoices, was received and accepted by Defendants. Defendants became bound to pay Plaintiff for the designated prices reflected in the invoices, which were and are reasonable, usual, and customary for such goods and services. *Id*.

13. The Transaction represents a transaction or series of transactions for which a systematic record has been kept and maintained by Plaintiff, as referenced in Plaintiff's payoff report (the "Payoff Report") (*see* Exhibit "A-3").

14. Defendants failed and refused to pay for all of the goods and services, as reflected in the Payoff Report. The Payoff Report represents the principal amount due as the date of filing to be $83,881.99 exclusive of accrued interest and additional interest that will accrue, costs, and attorney's fees. The Payoff Report also reflects that the principal balance has accrued interest through April 23, 2022 in the amount of $13,152.14. Interest continues to accrue thereon.

15. Defendants, therefore, are indebted to Plaintiff in the amount $97,034.13, plus additional interest that will accrue, costs, and attorney's fees.

16. This amount is just and true, is past due and owing, and all lawful credits, payments, and offsets have been allowed.

17. Further, pursuant to the Note, Defendants agreed to pay and perform all obligations due to Plaintiff under the Note, including, but not limited to, the collection of expenses and reasonable attorney's fees.

18. By letter dated May 17, 2022 Plaintiff presented its claim to Defendants, but the foregoing amount remains unpaid (s*ee* Exhibit "A-4").

19. Plaintiff now sues Defendants for the following amounts: principal sum due and owing of $83,881.99, plus accrued interest through April 23, 2022 in the amount of $13,152.14, after allowing for all just and lawful offsets, payments, and credits, plus interest that will accrue, costs, and attorney's fees.

20. In addition, Plaintiff sues Defendants Jacob Zachirias Redecop and Helena Wall Redecop as general partners of Defendant Jake & Helen Redecop under partnership law for any judgment that is rendered against Defendant Jake & Helen Redecop. To the extent Defendant Jake & Helen Redecop is unable to satisfy a judgment rendered against it, Plaintiff alleges that Defendants Jacob Zachirias Redecop and Helena Wall Redecop are liable for the debt as general partners of Defendant Jake & Helen Redecop.

21. The Declaration of Nick Koski, including Exhibits "A-1," "A-2," "A-3" and "A-4" thereto, is attached hereto as Exhibit "A" and fully incorporated by reference herein for all purposes.

## IV.
## COUNT ONE
## BREACH OF CONTRACT

22. Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

23. Plaintiff and Defendants Jacob Zachirias Redecop and Helena Wall Redecop, on behalf of Defendant Jake & Helen Redecop, entered into a valid contract or contracts regarding goods and services. Plaintiff has fully performed its obligations under such contract or contracts. Despite demand, Defendant Jake & Helen Redecop has failed to pay amounts due and owing under such contact or contracts. Defendant Jake & Helen Redecop's failure to pay the outstanding balance constitutes breach of contract.

24. As a result of Defendant Jake & Helen Redecop's breach of contract, Plaintiff is entitled to recover the following amounts: principal sum due and owing of $83,881.99, plus accrued interest through April 23, 2022 in the amount of $13,152.14, after allowing for all just and lawful offsets, payments, and credits, plus interest that will accrue, costs, and attorney's fees.

25. In addition, Plaintiff sues Defendants Jacob Zachirias Redecop and Helena Wall Redecop as general partners of Defendant Jake & Helen Redecop under partnership law for any judgment that is rendered against Defendant Jake & Helen Redecop. To the extent Defendant Jake & Helen Redecop is unable to satisfy a judgment rendered against it, Plaintiff alleges that Defendants Jacob Zachirias Redecop and Helena Wall Redecop are liable for the debt as general partners of Defendant Jake & Helen Redecop.

## V.
## COUNT TWO
## QUANTUM MERUIT

26. Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

27. Plaintiff provided valuable goods and services to Defendant Jake & Helen Redecop at Defendant's request. Defendant Jake & Helen Redecop received and accepted such goods and services from Plaintiff. Defendant Jake & Helen Redecop has reasonable notice that Plaintiff expected compensation for the goods and services. Defendant Jake & Helen Redecop benefited from the receipt of the goods and services. Defendant Jake & Helen Redecop failed to pay Plaintiff for the goods and services, as more fully set forth above, and therefore, has unjustly retained benefits to Plaintiff's detriment.

28. Plaintiff is entitled to recover the following, representing the reasonable value of the goods and services: principal amount of $83,881.99.

29. In addition, Plaintiff sues Defendants Jacob Zachirias Redecop and Helena Wall Redecop as general partners of Defendant Jake & Helen Redecop under partnership law for any judgment that is rendered against Defendant Jake & Helen Redecop. To the extent Defendant Jake & Helen Redecop is unable to satisfy a judgment rendered against it, Plaintiff alleges that Defendants Jacob Zachirias Redecop and Helena Wall Redecop are liable for the debt as general partners of Defendant Jake & Helen Redecop.

## VI.
## COUNT THREE
## SUIT ON GUARANTY

30. Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

31. Pleading in the alternative, Plaintiff and Defendants Jacob Zachirias Redecop and Helena Wall Redecop entered into a valid contract or contracts whereby he agreed to personally guarantee payment and performance of, and assume personal liability for, the payment and performance of all obligations of Defendant Jake & Helen Redecop, including but not limited to, collection expenses and reasonable attorney's fees. Plaintiff has fully performed its obligations under the contract or contracts. Despite demand, Defendants Jacob Zachirias Redecop and Helena Wall Redecop have failed to pay amounts due and owing under the contract or contracts. Defendants Jacob Zachirias Redecop and Helena Wall Redecop's failure to pay the outstanding balance constitutes breaches of contract.

32. As a result of Defendants Jacob Zachirias Redecop and Helena Wall Redecop's breach of contract, Plaintiff is entitled to recover the following: principal sum due and owing of $83,881.99, plus accrued interest through April 23, 2022 in the amount of $13,152.14, after allowing for all just and lawful offsets, payments, and credits, plus interest that will accrue, costs, and attorney's fees.

## VII.
## COUNT FOUR
## ATTORNEY'S FEES AND COSTS

33. Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

34. As a result of Defendants' conduct, Plaintiff retained the services of Johnson Stephens Law, PLLC, licensed attorneys, to enforce its rights and protect its legal interests and has agreed to pay Johnson Stephens Law, PLLC its reasonable and necessary attorney's fees and expenses.

35.     Plaintiff has presented its claim and demand for payment in writing to Defendants by demanding payment of the sums alleged.  Plaintiff's demand was presented more than thirty days before the trial hereof.

36.     Plaintiff is entitled to its reasonable and necessary attorney's fees under Chapter 38 of the Texas Civil Procedures & Remedies Code and under the terms of the Note.

## VIII.
## CONDITIONS PRECEDENT

37.     All conditions precedent to recovery for the relief sought herein have occurred or have been satisfied.

38.     Plaintiff affirmatively pleads the discovery rule as it relates to the limitation periods applicable to the claims herein.  This Complaint was filed within the applicable limitations periods or filed within the limitations period from the time Plaintiff discovered or should have discovered, through the exercise of reasonable care and diligence, the facts establishing the elements of the asserted claims or causes of action asserted herein.  Plaintiff also affirmatively pleads that any limitations period has been tolled.

## IX.
## PRAYER

**WHEREFORE**, Plaintiff requests that Defendant be cited to appear and answer herein and that upon final hearing or trial of this cause, Plaintiff be granted judgment against Defendant for the following:

1. Judgment against Defendants as set forth herein above, and in an amount proven at trial or hearing within the jurisdictional limits of this Court;

2. Judgment against Defendants Jacob Zachirias Redecop and Helena Wall Redecop as general partners of Defendant Jake & Helen Redecop in accordance with general partnership law;

3. Benefit of the bargain damages, out of pocket costs, reliance damages, and actual and economic damages;

4. Reasonable and necessary attorney's fees through trial and all subsequent appeals;

5. Costs of court;

6. Pre-judgment interest as allowed by contract law;

7. Post-judgment interest as allowed by contract law;

8. All writs and processes necessary to effectuate the relief granted; and

9. Such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

JOHNSON STEPHENS LAW, PLLC

By: */s/ John Mark Stephens*
John Mark Stephens
State Bar No. 24028005
jmstephens@jsllawfirm.com
Sarah L. Stephens
State Bar No. 24086110
sstephens@jsllawfirm.com
4809 Cole Avenue, Suite 205
Dallas, TX 75205
(214) 404-8725 Telephone
(214) 919-5941 Facsimile

**ATTORNEYS FOR PLAINTIFF**